## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JUAN CARLOS AGUILAR MENDEZ, and JOEL AGUILAR MENDEZ | : | |
| | : | |
| **Plaintiffs,** | : | **Civil Action Number:** |
| | : | |
| **vs.** | : | |
| | : | |
| MOSSY OAK LANDSCAPE GROUP, INC., and JEFFREY ALLEN CROUCH | : | <u>**Jury Trial Demanded**</u> |
| | : | |
| **Defendants.** | : | |

## COMPLAINT

Plaintiffs, by and through the undersigned counsel, brings this complaint against Defendants and pleads as follows:

## INTRODUCTION

1.

Plaintiffs Juan Carlos Aguilar Mendez and Joel Aguilar Mendez bring this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), herein after "the FLSA". Plaintiffs bring this action under the FLSA to (1)  recover the overtime pay that was denied them and an additional amount as

liquidated damages; and (2) for their costs of litigation, including their reasonable attorneys' fees.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C §§ 1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant Mossy Oak Landscape Group, Inc. is located in this judicial district; and all the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Plaintiffs reside within Gwinnett County, Georgia.

5.

Defendants Mossy Oak Landscape Group, Inc., and Jeffrey Allen Crouch employed Plaintiff Juan Carlos Aguilar Mendez as a landscaper in and around

Monroe, Georgia from 2004 through March 14, 2008.

6.

Defendants Mossy Oak Landscape Group, Inc., and Jeffrey Allen Crouch employed Plaintiff Joel Aguilar Mendez as a landscaper in and around Monroe, Georgia from March 2006 through August 23, 2010.

7.

From on or about 2004 until March 14, 2008, Plaintiff Juan Carlos Aguilar Mendez has been an "employee" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

8.

From on or about March 2006 until August 23, 2010, Plaintiff Joel Aguilar Mendez has been an "employee" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

9.

From on or about 2004 until March 14, 2008, Plaintiff Juan Carlos Aguilar Mendez has been "engaged in commerce" as defined in FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

10.

From on or about March 2006 until August 23, 2010, Plaintiff Joel Aguilar

Mendez has been "engaged in commerce" as defined in FLSA § 7(a)(1), 29 U.S.C. § 207(a)(1).

11.

Mossy Oak Landscape Group, Inc. is a corporation organized under the laws of the State of Georgia.

12.

At all times material hereto, Defendant Mossy Oak Landscape Group, Inc. has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. §203(d).

13.

From on or about 2004 through August 23, 2010, Defendant Mossy Oak Landscape Group, Inc. has been "engaged in commerce" as defined in FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

14.

At all time material hereto, Defendant Mossy Oak Landscape Group, Inc. has been an "enterprise engaged in commerce" as defined in FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1 )(A).

15.

Defendant Mossy Oak Landscape Group, Inc. is subject to the personal jurisdiction of this Court.

16.

Defendant Jeffrey Allen Crouch (hereafter "Defendant Crouch") resides within Walton County, Georgia.

17.

At all times material hereto, Defendant Crouch has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

18.

Defendant Crouch is subject to the personal jurisdiction of this Court.

## COUNT I — FAILURE TO PAY OVERTME TO PLAINTIFF JUAN CARLOS AGUILAR MENDEZ

19.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

20.

At all times material hereto, Juan Carlos Aguilar Mendez has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

21.

During his employment with Defendants, Juan Carlos Aguilar Mendez regularly worked in excess of forty (40) hours each week.

22.

Defendants failed to pay Juan Carlos Aguilar Mendez at one and one half times his regular rate for work in excess of forth (40) hours in any week from 2004 through March 14, 2008.

23.

Defendants have willfully failed to pay Juan Carlos Aguilar Mendez at one and one half times his regular rate for work in excess of forth (40) hours in any week from 2004 through March 14, 2008.

24.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

25.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

26.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II - FAILURE TO PAY OVERTME TO PLAINTIFF
## JOEL AGUILAR MENDEZ

27.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

28.

At all times material hereto, Joel Aguilar Mendez has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

29.

During his employment with Defendants, Joel Aguilar Mendez regularly worked in excess of forty (40) hours each week.

30.

Defendants failed to pay Joel Aguilar Mendez at one and one half times his regular rate for work in excess of forth (40) hours in any week from March 2006 through August 23, 2010.

31.

Defendants have willfully failed to pay Joel Aguilar Mendez at one and one half times his regular rate for work in excess of forth (40) hours in any week from March 2006 through August 23, 2010.

32.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

33.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

34.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiffs' claims be tried before a jury;

2. That Plaintiff Juan Carlos Aguilar Mendez be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff Joel Aguilar Mendez be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA,

plus an additional like amount in liquidated damages;

4. That Plaintiffs be awarded their costs of litigation, including their reasonable

attorneys' fees from Defendants; and

5. For such other and further relief as the Court deems just and proper.


_____          _____

Kevin D. Fitzpatrick, Jr.                    Charles R. Bridgers
Ga. Bar No. 262375                           Ga. Bar No. 080791
3100 Centennial Tower                        3100 Centennial Tower
101 Marietta Street                          101 Marietta Street
Atlanta, GA 30303                            Atlanta, GA 30303
(404) 979-3171                               (404) 979-3150
(404) 979-3170 (f)                           (404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com              charlesbridgers@dcbflegal.com

Counsel for Plaintiff                        Counsel for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JUAN CARLOS AGUILAR MENDEZ, and JOEL AGUILAR MENDEZ | : | |
| | : | |
| **Plaintiffs,** | : | **Civil Action Number:** |
| | : | |
| **vs.** | : | |
| | : | |
| MOSSY OAK LANDSCAPE GROUP, INC., and JEFFREY ALLEN CROUCH | : | **Jury Trial Demanded** |
| | : | |
| **Defendants.** | : | |

## CERTIFICATE OF COUNSEL

Pursuant to Local Rule 7.1, N.D.Ga., the above signatory attorney certified that this pleading was prepared with Times New Roman (14 point), one of the fonts and point selections approved by the Court in local Rule 5.1 B, N.D.Ga.

/s/ Charles R. Bridgers
Georgia Bar No. 080791
Counsel for Plaintiff